UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WENDY KAUFFMAN-STACHOWIAK,

    Plaintiff,

    v.

OMNI HOTELS MANAGEMENT CORPORATION,

    Defendant.

Case No. 15-cv-05186-WHO

**ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Re: Dkt. No. 12

## INTRODUCTION

Plaintiff Wendy Kauffman-Stachowiak alleges that she was injured on January 29, 2013 while a guest at the Omni San Francisco Hotel when a hotel employee negligently closed a car door on her head as she was attempting to enter the car. Defendant Omni Hotels Management Corporation ("OHMC") moves to dismiss her first amended complaint ("FAC"), or in the alternative seeks summary judgment, because plaintiff did not file the FAC naming OHMC as a defendant until the statute of limitations had run. Plaintiff's original complaint was filed within the limitations period, however, and on this record her FAC relates back to the original complaint under Federal Rule of Civil Procedure 15(c)(1). This matter is appropriate for resolution without oral argument, and the hearing set for December 23, 2015 is VACATED. OHMC's motion is DENIED.

## BACKGROUND

The FAC brings one cause of action for negligence against OHMC and "Does 1 to 50." The factual basis for the negligence claim is that on January 29, 2013,

> an unknown employee of [OHMC] closed a vehicle door on [plaintiff] while she was attempting to sit in the vehicle. Said employee negligently closed the door before plaintiff was fully seated causing the door to strike plaintiff in the head. The strike to the head cause significant injury to plaintiff.

Rector Decl. Ex. 2 (Dkt. No. 13-2).

Plaintiff filed her original complaint on January 20, 2015 in the Superior Court of California for the County of San Francisco, within two years of the alleged accident. Rector Decl.

Ex. 1 (Dkt. No. 13-1). The original complaint is substantially identical to the FAC except that it names "Omni Hotels, LLC" instead of OHMC as the principal defendant and refers to "Omni Hotel" in describing the alleged incident. *Id.* On March 5, 2015, plaintiff served a summons and complaint on Corporation Service Company dba CSC - Lawyers Incorporating Service ("CSC"), the registered agent for service of process for OHMC. Beatty Decl. Ex. C (Dkt. No. 16-1). CSC rejected service because the summons and complaint did not identify OHMC by its correct legal name. *Id.*

Plaintiff filed the FAC on October 9, 2015 and effected service of process on OHMC (by again serving a summons and complaint on CSC) on October 15, 2015. Beatty Decl. Ex. E. OHMC removed the case to federal court on the basis of diversity jurisdiction on November 12, 2015. Dkt. No. 1. It filed this motion to dismiss, or in the alternative, for summary judgment on November 18, 2015. Dkt. No. 12 ("Mot.").

## LEGAL STANDARD

A statute of limitations defense may be raised by a motion to dismiss or by a motion for summary judgment. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Id.* If the running of the statute is not apparent on the face of the complaint, the defense may be raised by a motion to dismiss accompanied by affidavits, in which case the motion is treated as one for summary judgment, and all parties must be given a reasonable opportunity to present all material relevant to the motion. *See id.*; *see also* Fed. R. Civ. P. 12(d).

## DISCUSSION

The parties agree that the applicable statute of limitations for plaintiff's negligence claim is two years. *See* Mot. at 2; Opp. at 4 (Dkt. No. 16); *see also* Cal. Civ. Proc. Code § 335.1 (two year statute of limitations for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another"). Their dispute is whether the FAC, which was filed after the limitations period expired, relates back to the original complaint, which was filed before.

Federal Rule of Civil Procedure 15(c)(1) provides that "[a]n amendment to a pleading

relates back to the date of the original pleading when:

>(A) the law that provides the applicable statute of limitations allows relation back;
>
>(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
>(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). In a case where the applicable statute of limitations is derived from state law, Rule 15(c)(1) requires a court "to consider both federal and state law and employ whichever affords the more permissive relation back standard." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201 (9th Cir. 2014); *accord Spitzer v. Aljoe*, No. 13-cv-05442-MEJ, 2015 WL 1843787, at *11 (N.D. Cal. Apr. 6, 2015); *Williams v. Gyrus ACMI, LP*, No. 14-cv-00805-BLF, 2014 WL 4771667, at *4 (N.D. Cal. Sept. 24, 2014).

   I begin with federal law, and need go no further. Where, as here, the amendment at issue changes a party or the naming of the party against which a claim is asserted, relation back is permitted under Rule 15(c)(1) when three requirements are satisfied: (1) the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," Fed. R. Civ. P. 15(c)(1)(C); (2) the party to be brought in by the amendment "received such notice of the action that it will not be prejudiced in defending on the merits," Fed. R. Civ. P. 15(c)(1)(C)(i); and (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii). The latter two requirements must be satisfied "within the period provided by Rule 4(m) for serving the summons and complaint," Fed. R. Civ. P. 15(c)(1)(C) – that is, "within 120 days after the original complaint is filed." *Butler*, 766 F.3d at

1202.

The record here indicates that each of the three requirements was satisfied. First, there is no question that plaintiff's FAC asserts a claim that arises out the same conduct, transaction, or occurrence alleged in her original complaint. Except for the substitution of "Omni Hotels Management Corporation" for "Omni Hotel," the factual allegations in the two pleadings are word-for-word identical.

Second, insofar as I can discern from the present record, within 120 days of the filing of the original complaint on January 20, 2015, OHMC "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Courts have held that a corporation receives "notice of the action" within the meaning of Rule 15(c)(1)(C)(i) when its registered agent for service of process receives notice. *See, e.g., Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1236-37 (7th Cir. 1990) (a corporation receives notice for Rule 15(c)(1) relation back purposes when its registered agent for service of process receives notice, "even though the complaint does not identify that corporation as a party"); *see also G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (notice under Rule 15(c)(1) "is satisfied when the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other") (internal quotation marks omitted). OHMC cites no authority to the contrary. Nor does it dispute that CSC is its registered agent for service of process, or that CSC received a copy of the summons and complaint on March 5, 2015.[1]

Finally, OHMC "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

---

[1] OHMC states in its reply brief that it "was not actually served with the original complaint at its business address" and that it "had no knowledge" of this action until it was served with the FAC. Reply at 5. I take this as an argument that it lacked the requisite notice because it was not served "at its business address," not that CSC is not its registered agent for service of process or that CSC did not receive a copy of the summons and complaint on March 5, 2015. OHMC cites no authority indicating that it must have been served "at its business address" to receive "notice of the action" within the meaning of Rule 15(c)(1)(C)(i). Absent authority to the contrary, I am satisfied that, through the March 5, 2015 service on CSC, OHMC received the requisite notice within 120 days of January 20, 2015.

4

1    OHMC opens its reply brief by emphasizing that "Omni Hotels, LLC" does not exist as a legal

2    entity, and that apart from OHMC, "[t]here is no other Omni entity doing business in

3    [California]." Reply at 2 (Dkt. No. 17). Further, plaintiff's original complaint identifies the

4    location of the alleged accident as 500 California Street, San Francisco, CA 94104 – the location

5    of the Omni San Francisco Hotel, according to its website. Beatty Decl. Ex. A (Dkt. No. 16-1).

6    On this record, plaintiff's naming of "Omni Hotels, LLC" was clearly a case of mistaken identity

7    of which OHMC knew or should have known as a result of the service on its agent. It was not a

8    "deliberate choice to sue one party instead of another while fully understanding the factual and

9    legal differences between the two parties." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549

10   (2010).

11   Because I find that plaintiff's FAC relates back to her original complaint under federal law,

12   I do not address California law. Plaintiff's negligence claim against OHMC is not time-barred.

### CONCLUSION

OHMC's motion to dismiss, or in the alternative, for summary judgment is DENIED. OHMC shall file its answer to the FAC within 20 days of the date of this Order. If, after a reasonable opportunity for discovery, OHMC ascertains new facts indicating that plaintiff's negligence claim is time-barred, it may renew its statute of limitations argument in a subsequent motion.

**IT IS SO ORDERED**.

Dated: December 16, 2015



WILLIAM H. ORRICK
United States District Judge